# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

June 30, 2026

William M. Lafferty, Esquire
Kevin M. Coen, Esquire
Alex F. Hoeschel, Esquire
Morris, Nichols, Arsht
   & Tunnell LLP
1201 North Market Street
Wilmington, Delaware 19801

Peter J. Walsh, Jr., Esquire
Aaron R. Sims, Esquire
Megan R. Thomas, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, Delaware 19801

> RE:   *Advent Int'l L.P. et al. v. Servicios Funerarios GG S.A. DE C.V.*,
>        C.A. No. 2023-0647-LWW

Dear Counsel:

This letter opinion resolves the defendant's motion for reargument under Court of Chancery Rule 59(c). On May 12, 2026, I issued a memorandum opinion (the "Opinion") granting in part the plaintiffs' motion for summary judgment on damages for fees and costs incurred defending a foreign lawsuit.[1] I also granted the defendant targeted discovery on a discrete issue of "mixed" billing entries.[2] The plaintiffs then elected to forgo recovery of the mixed billing entries, mooting the

---

[1] Mem. Op. (Dkt. 154).

[2] *Id.* at 10-11.

1

need for discovery.[3]   The remaining issue on reargument is whether I failed to conduct a reasonableness analysis when awarding damages.  For the reasons below, the motion is denied.

## I.   BACKGROUND

The background of this matter is set out in the Opinion.  This letter recites only those facts necessary to resolve the motion.

In 2021, defendant Servicios Funerarios GG S.A. de C.V. purchased Grupo Gayosso S.A. de C.V. from Advent International Corporation.[4]   As part of the transaction, the parties executed a Guarantee containing covenants not to sue, a non-recourse clause, and a Delaware forum selection clause.[5]   Servicios Funerarios nevertheless sued Advent International, Advent International PE Advisors, S.C. ("Advent Mexico"), and affiliated funds (together, "Advent") in Mexican federal court (the "Mexican Civil Action").[6]   That lawsuit prompted Advent to file this action for breach of the Guarantee.[7]

---

[3] Pls.' Opp'n to Def.'s Mot. for Reargument (Dkt. 157) ("Opp'n") 15; *id.* at Ex. B.

[4] Mem. Op. 2.

[5] *See id.* at 2-3 (quoting the Guarantee).

[6] *Id.* at 3.

[7] *Id.* at 3-4.

In a June 2024 memorandum opinion, I held that the Mexican Civil Action breached the Guarantee's forum selection clause and enjoined Servicios Funerarios from prosecuting it against Advent International.[8]  In an October 2024 memorandum opinion, I held that Servicios Funerarios breached the Guarantee's covenants not to sue, release, and non-recourse provisions, causing the Guarantee to terminate by its terms.[9]  And in the Opinion, I granted in part Advent's motion for summary judgment on damages.  I held that Advent was entitled to reasonable attorneys' fees and costs incurred in the Mexican Civil Action as expectation damages, but it could not recover the enforcement fees incurred in this suit.[10]  I also granted in part Servicios Funerarios' cross-motion under Rule 56(f) for targeted discovery into Advent's percentage-based allocation of certain "mixed" fees.[11]

---

[8] *Id.* at 4.

[9] *Id.*

[10] *Id.* at 12.

[11] *Id.* at 9-10.

Servicios Funerarios moved for reargument of the Opinion.[12] Advent opposed the motion. On June 26, Servicios Funerarios submitted a supplemental letter regarding a recent appellate decision in a related Mexican criminal proceeding.[13]

## II.    ANALYSIS

A party seeking reargument under Court of Chancery Rule 59(c) bears a "heavy burden."[14] The motion will be denied "unless the Court has overlooked a decision or principle of law that would have a controlling effect or the Court has misapprehended the law or the facts so that the outcome of the decision would be affected."[15] "A motion for reargument is not a mechanism for litigants to relitigate claims already considered by the court," or to raise an argument for the first time.[16]

---

[12] Def.'s Mot. for Reargument as to Pls.' Mot. for Summ. J. as to Damages and Rule 56(f) Mot. (Dkt. 155) ("Mot.").

[13] Letter from A. Sims Regarding Mexican Criminal Proceedings Relating to Sale of Gayosso (Dkt. 161).

[14] *In re ML/EQ Real Est. P'ship Litig.*, 2000 WL 364188, at *1 (Del. Ch. Mar. 22, 2000). Rule 59 was amended after the motion was filed, effective June 1. The operative rule was previously Rule 59(f).

[15] *Stein v. Orloff*, 1985 WL 21136, at *2 (Del. Ch. Sept. 26, 1985); *see* Ct. Ch. R. 59(c).

[16] *Comcast Cable Commc'ns Mgmt., LLC v. CX360, Inc.*, 2024 WL 4799292, at *2 (Del. Ch. Nov. 13, 2024) (citation omitted).

Servicios Funerarios asserts that I failed to conduct a reasonableness analysis when awarding damages for fees paid to Mexican counsel.[17]  This contention is not grounds for reargument for several reasons.

First, Servicios Funerarios impermissibly raises new arguments and authorities in its motion.[18]  It relies on *Mahani v. Edix Media Gp., Inc.*, which was absent from its summary judgment briefing, to argue that the court must determine whether the requested fees are reasonable.[19]  Servicios Funerarios also argues that I neglected to "consider the factors set forth" in Rule 1.5(a) of the Delaware Lawyers' Rules of Professional Conduct.[20]  It likewise did not raise Rule 1.5(a) until filing this motion.[21]

Second, even if I were to consider Servicios Funerarios' newly raised arguments, they fail on the merits.  *Mahani* involved a contractual fee-shifting provision.[22]  This dispute involves breaches of a forum selection clause and

---

[17] Mot. ¶ 16.

[18] *See Standard Gen. Master Fund L.P. v. Majeske*, 2018 WL 6505987, at *1 (Del. Ch. Dec. 11, 2018).

[19] Mot. ¶ 19; *see Mahani v. Edix Media Gp., Inc.*, 935 A.2d 242, 245 (Del. 2007).

[20] Mot. ¶ 19.

[21] Additionally, the Mexican counsel were not admitted to practice in this jurisdiction and not subject to the Delaware Lawyers' Rules of Professional Conduct.

[22] *Mahani*, 935 A.2d at 245 ("Delaware law dictates that, in fee shifting cases, a judge determine whether the fees requested are reasonable.").

covenants not to sue.[23]   The awarded fees constitute expectation damages—not shifted litigation costs.[24]   Awarding Advent the fees and costs it incurred defending the unauthorized suit places it in the position it would have occupied had the Guarantee been honored.[25]

Because the fees are expectation damages, I was not required to conduct an assessment under Rule 1.5(a).   Rather, Advent's 1,500 color-coded pages of invoices—summarized and allocated in an appendix, and accompanied by sworn affidavits and payment records—provided a sufficient basis to conclude that the damages were commercially reasonable.[26]   Servicios Funerarios' insistence on a hindsight review of foreign counsel's billing practices is incompatible with assessing expectation damages for a breach of contract.

Finally, the calculation of damages is within this court's discretion.   A motion for reargument that merely critiques the exercise of that authority is inappropriate.[27]

---

[23] *See* Mem. Op. 13.

[24] *Id.* at 11 (citing *Namdar v. Fried*, 340 A.3d 1184, 1191 (Del. Ch. 2025) (holding that a party can recover damages for breach of a forum selection clause and that a damages award fulfills the expectation of not having to incur expenses from litigating in a foreclosed forum)).

[25] *Id.* at 15.

[26] *Id.* at 9-12, 15, 21-22.

[27] *See Quantlab Gp. GP, LLC v. Eames*, 2018 WL 5778445, at *1 (Del. Ch. Nov. 2, 2018); *see also Neurvana Med., LLC v. Balt USA, LLC*, 2019 WL 5092894, at *2 (Del. Ch.

Servicios Funerarios has not shown that the damages award was an abuse of discretion or identified any controlling legal principle or material fact that I overlooked.

## III.  CONCLUSION

Servicios Funerarios has not established grounds for reargument.  Its motion is denied.  IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

Oct. 10, 2019) (denying a motion for reargument that was "effectively a collateral attack" on the court's exercise of its discretion, which is an "inappropriate basis" for reargument).